UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY MCANDREW, Administrator of the Estate of MEGHAN MCANDREW, Deceased, | : Civil Action - Law :  : : |
| Plaintiff, | : : |
| vs. | : : |
| | : Docket No. |
| NORTHUMBERLAND COUNTY, BRUCE KOVACH, Individually and in His Official Capacity, SAMUEL J. SCHICCATANO, JOSEPH M. KLEBON, KYMBERLEY L. BEST, JAMES HOSKIN, and JOHN DOES 1 -6, | : : : : : : : |
| Defendants. | : Jury Trial Demanded. |

## COMPLAINT

### I.  PARTIES

1. Plaintiff, Timothy McAndrew ("Plaintiff"), is an adult individual who resides at 1333 Old Reading Road, Paxinos, Pennsylvania.

2. Plaintiff is the natural father of Meghan McAndrew, deceased.

3. Plaintiff is the Administrator of the Estate of Meghan McAndrew, deceased, having been duly appointed by the Northumberland County Register of Wills on March 8, 2022.

4. Meghan McAndrew died on February 11, 2022, while in custody at the Northumberland County Jail.

5. Defendant, Northumberland County ("Northumberland"), is a municipal government organized pursuant to the laws of the Commonwealth of Pennsylvania with its address located at

399 Stadium Drive, Sunbury, Pennsylvania. Northumberland operates the Northumberland County Jail, located at 720 Northumberland County Drive, Coal Township, Pennsylvania.

6. Defendant, Bruce Kovach ("Kovach"), is an adult individual who, at all times relevant hereto, was employed by Northumberland County as the Warden for the Northumberland County Jail and was the final policymaker for Northumberland County regarding all correctional matters at the Northumberland County Jail.

7. Defendant, Samuel J. Schiccatano ("Schiccatano"), is an adult individual who can be served at 720 Northumberland County Drive, Coal Township, Pennsylvania. At all times relevant hereto, Defendant was a duly elected Commissioner of Northumberland County.

8. Defendant, Joseph M. Klebon ("Klebon"), is an adult individual who can be served at 720 Northumberland County Drive, Coal Township, Pennsylvania. At all times relevant hereto, Defendant was a duly elected Commissioner of Northumberland County.

9. Kymberley L. Best ("Best"), is an adult individual who can be served at 720 Northumberland County Drive, Coal Township, Pennsylvania. At all times relevant hereto, Defendant was a duly elected Commissioner of Northumberland County.

10. James Hoskin ("Hoskin"), is an adult individual who can be served at 720 Northumberland County Drive, Coal Township, Pennsylvania. At all times relevant hereto, Defendant was a duly elected Commissioner of Northumberland County.

11. Defendant, Correctional Officers Jon/Jane Doe ("COs") are or were Correctional Officers or employees employed at the Northumberland County Jail acting under color of law and within the scope and course of his or her employment at the facility. The Plaintiff expects to learn the names of the additional Correctional Officers and/or employees through formal discovery and will promptly take steps to substitute the actual names of those persons for the fictitious names.

12. Northumberland owns, operates, manages, directs and controls the Northumberland County Jail and had the responsibility of adopting policies and implementing procedures and practices which would create an environment whereby inmates would be safe.

## II. SUBJECT MATTER JURISDICTION AND VENUE

13. Plaintiff invokes jurisdiction pursuant to 28 U.S.C. § 1331 because the claims raise federal questions under 42 U.S.C. § 1983. Plaintiff further invokes supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for claims arising under state law because these claims form part of the same case and controversy as the claims brought under 42 U.S.C. § 1983.

14. Venue is appropriate in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which the claims asserted herein arose.

## III. FACTUAL ALLEGATIONS

15. Upon information and belief, on or about February 6, 2022, Ms. McAndrew was taken into custody pursuant to a bench warrant and lodged in the Northumberland County Jail.

16. Ms. McAndrew was a known drug user and had a history of convictions for drug-related offenses in Northumberland County, including pending drug charges at the time of her death.

17. During the intake process at Northumberland County Jail, Ms. McAndrew should have been screened for physical and psychological problems to determine whether she posed a suicide risk.

18. On or about February 6, 2022, and at all times through February 11, 2022, personnel at Northumberland County Jail were required to keep Ms. McAndrew safe and free from physical injury, harm or death.

19. On or about February 6, 2022, and at all times relevant through February 11, 2022, personnel at Northumberland County Jail were required to screen and evaluate Ms. McAndrew on an ongoing basis.

20. On or about February 6, 2022, and at all times relevant through February 11, 2022, Northumberland County Jail was required to train its personnel on the method and means of evaluating persons placed in custody to keep them safe from physical or psychological injury, harm or death.

21. On or about February 6, 2022, and at all times relevant through February 11, 2022, Northumberland County Jail was required to screen and evaluate the mental status of persons placed in custody, including for substance abuse disorders.

22. At all times relevant hereto, any and all screening for Ms. McAndrew was inadequate, incomplete and ineffective.

23. Upon information and belief, Ms. McAndrew was placed on suicide watch in the Northumberland County Jail because she was a known drug user and was believed to be detoxing from illicit substances.

24. As a result, Ms. McAndrew was to be checked every fifteen minutes due to a concern that she would commit suicide.

25. On February 10, 2022, Ms. McAndrew was last observed to be alive.

26. On or about February 11, 2022, in the early morning, Ms. McAndrew was found unresponsive in her cell at the Northumberland County Jail.

27. Ms. McAndrew was found in her cell with a sheet around her neck that she used to strangle herself.

28. Ms. McAndrew was transported by ambulance to Geisinger-Shamokin Area Community Hospital in Coal Township, where she was pronounced dead.

29. Upon information and belief, Ms. McAndrew was not observed at all for a period of approximately three hours until she was found unresponsive in her cell on or about February 11, 2022.

30. Despite prison requirements that detainees in cells be checked periodically, no COs adequately and/or sufficiently checked on or monitored Ms. McAndrew prior to her untimely demise.

31. At all times relevant to this matter, Defendants should have properly monitored Ms. McAndrew, on an ongoing basis, due to the fact that she was detoxing from illicit substances.

32. Defendants placed Ms. McAndrew in segregation from the rest of the prison population even though such action is not recommended for someone who is potentially suicidal.

33. Ms. McAndrew was not placed into a suicide prevention cell.

34. According to prison officials, at full staff, the Northumberland County Jail would have 78 correctional officers ("COs") working the floor.

35. On or about February 6, 2022 through February 11, 2022, the Northumberland County Jail only employed approximately 34 Cos.

36. Defendants failed to hire enough COs to ensure Ms. McAndrew's safety.

37. The Northumberland County Commissioners described the Northumberland County Jail as in "a state of emergency" due to the low number of COs.

38. At all times relevant hereto, Defendants failed to provide the proper staffing, man power and/or medical facilities to properly care of prisoners like Ms. McAndrew.

39. From the beginning of her incarceration on or about February 6, 2022, to her death on the morning of February 11, 2022, Ms. McAndrew was under the care, custody and control of Northumberland County and all other Defendants.

40. Defendants were responsible for Ms. McAndrew's protection, safety, care, well-being and life while she was in their custody.

41. During the time that Ms. McAndrew was in Defendants' custody, they knew, or should have known that she needed mental health care and was in a suicidal condition, both of which should have been detected by Defendants upon use of reasonable care.

42. Prior to Ms. McAndrew's hanging, Defendants knew or should have known that other suicides were also attempted by inmates using their bed sheets as ligatures, yet Defendants consistently and indifferently failed to take the proper precautions to stop said suicides and/or attempted suicides.

43. As a direct result of Defendants' conduct, Ms. McAndrew suffered great personal injury and felt great pain and suffering between the time that her suicide attempt began through the time of her death.

44. As a further result of Defendants' conduct, Ms. McAndrew's life ended, which resulted in any potential loss of earnings and income, pain and suffering, and funeral, burial, medical and estate administration expenses.

45. Ms. McAndrew did not bring action for her personal injuries during her lifetime and no other action for the death of Ms. McAndrew has been commenced against Defendants.

46. Defendants did not reasonably, or in good faith, believe that their conduct toward Ms. McAndrew was lawful, privileged, or otherwise permissible under the laws or constitutions of the United States and the Commonwealth of Pennsylvania.

## COUNT I – VIOLATION OF MEGHAN MCANDREW'S FEDERAL CIVIL RIGHTS AS GUARANTEED BY THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983
(against all Defendants)

47. The preceding paragraphs are incorporated by reference as though fully set forth herein.

48. At all times germane hereto, Defendants, acting under color of law, were deliberately indifferent to Ms. McAndrew's serious medical needs in violation of the Eighth Amendment's prohibition of cruel and unusual punishment and the Fourteenth Amendment's rights of due process.

49. In particular, Defendants were deliberately and recklessly indifferent to Ms. McAndrew's extreme suicide risk and vulnerability to suicide, which they knew or should have known before her death.

50. Despite such knowledge, Defendants ignored Ms. McAndrew's obvious suicidal propensities and failed to take necessary and available precautions which would have saved her life, such as housing her in an appropriate unit where she could be properly monitored and treated and provided with the appropriate mental heath care, diagnosis and treatment.

51. Defendants' failure to treat, monitor and address Ms. McAndrew's legitimate and serious medical needs transcended contemporary standards of decency and are shocking to the conscience of the community and violated her rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment. In addition, Defendants' failures violated Ms. McAndrew's rights to due process under the Fourteenth Amendment of the United States Constitution.

52. Defendants unreasonable, egregious, malicious, willful, and intentional acts and omissions constitute a deliberate indifference and callous disregard for Ms. McAndrew's, safety and well-being.

53. As a direct and proximate result of Defendants' unlawful and unconstitutional behavior, Ms. McAndrew's suffered serious bodily harm and death, and Plaintiff suffered other catastrophic damages as set forth herein.

54. By reason of the violation of Ms. McAndrew's rights, Plaintiff is entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants, jointly and severally, for wrongful death and survival damages, compensatory and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, and attorney's fees.

## COUNT II – VIOLATION OF MEGHAN MCANDREW'S CIVIL RIGHTS
## (MONELL CLAIMS)

55. The preceding paragraphs are incorporated by reference as though fully set forth herein.

56. The violation of Ms. McAndrew's constitutional rights as set forth above were directly and proximately caused by the deliberate indifference of the highest ranking officials in Northumberland County, the Commissioners, Samuel J. Schiccatano, Joseph M. Klebon and Kymberley L. Best.

57. As set forth above, the Northumberland County Commissioners knew that the county prison where Ms. McAndrew's died was grossly understaffed. While Northumberland County should have had approximately 78 full-time COs at the time of Ms. McAndrew's death, there were less than 40 COs employed at the time.

58. Commissioner Schiccatano stated around the time of Ms. McAndrew's death that things were fine with the contingent of officers which were employed by the county. Where is this quoted from?

59. The aforementioned commissioners, as well as Warden Kovach, knew or should have known of the need to hire more COs as well as the need to improve and correct failed hiring, training, supervision, investigation, monitoring, discipline, policies and practices.

60. The above-referenced failures proximately caused Ms. McAndrew's serious bodily injury and death.

61. The aforementioned acts and/or omissions constitute willful and wanton misconduct in disregard of the rights, health, well-being, and safety of Ms. McAndrew's, to her detriment and that of her father, Plaintiff Timothy McAndrew.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants, jointly and severally, for wrongful death and survival damages, compensatory and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, and attorney's fees.

## COUNT III – MEDICAL NEGLIGENCE
### (Plaintiff vs. Medical Defendants)

62. The preceding paragraphs are incorporated by reference as though fully set forth herein.

63. The Medical Defendants were, upon information and belief, licensed to practice medicine in the Commonwealth of Pennsylvania and had a duty to comply with generally accepted medical and mental health standards of care in their medical and mental health care treatments of Ms. McAndrew.

64. The injuries, damages, and death of Ms. McAndrew's were caused by the carelessness, negligence, and recklessness of the Medical Defendants, individually and acting through their actual and ostensible agents, servants, workmen, and/or employees in the following respects:

   a. Failing to timely and accurately recognize, diagnose, and treat Ms. McAndrew's medical and mental condition, including her substance abuse disorder;

    b. Failing to timely and accurately diagnose Ms. McAndrew's behavior as suicidal;

    c. Failing to properly perform a structured suicide risk assessment and reassessment on a timely and accurate basis;

    d. Failing to properly house Ms. McAndrew so that she was not in solitary confinement;

    e. Failing to implement and maintain an intense and appropriate treatment plan to minimize the risk of suicide.

    f. Failing to ensure that Ms. McAndrew's possessed an anti-suicide smock and blanket at all relevant times;

    g. Failing to follow appropriate suicide related training and policies; and,

    h. Entrusting Ms. McAndrew's care to individuals who they should have known would perform his or her duties in a negligent and/or reckless manner.

65. The carelessness and recklessness of the Medical Defendants as set forth in the preceding paragraphs of this Complaint were a violation of their duty of care of Ms. McAndrew which increases the risk of harm and was a direct and proximate cause and substantial factor in bringing about Ms. McAndrew's serious bodily injury and death.

WHEREFORE, Plaintiff demands judgment in his favor against Defendants, jointly and severally, for wrongful death and survival damages, compensatory and punitive damages in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus interest, costs, and attorney's fees.

**COUNT IV – WRONGFUL DEATH ACTION**
**(against all Defendants)**

66. The preceding paragraphs are incorporated by reference as though fully set forth herein.

67. Under the Wrongful Death Act, Ms. McAndrew left individuals who may claim entitlement to recovery for damages as Wrongful Death Act beneficiaries, and it is on behalf of any lawfully recognized beneficiaries that this action is brough. Those who may claim entitlement are:

> Timothy McAndrew (Decedent's Father)
> 1333 Old Reading Road
> Paxinos, PA 17860
>
> Rory Long (Decedent's Husband)
> 29 Utt Road
> Orangeville, PA 17859

68. Plaintiff, Timothy McAndrew, Administrator of the Estate of Meghan McAndrew, claims the full measure of all damages available under the Wrongful Death Act and supporting case law.

69. Timothy McAndrew and Rory Long, the potential beneficiaries under the Wrongful Death Act, have been fully informed of this action.

70. By reason of the death of Ms. McAndrew, her survivors have been deprived of Ms. McAndrew's support, comfort, society and services, all to their damage.

71. Ms. McAndrew's suicide and death were the direct and proximate result of the conduct of Defendants in violating Ms. McAndrew's constitutional rights.

WHEREFORE, Plaintiff, Timothy McAndrew, Administrator of the Estate of Meghan McAndrew, demands damages against all Defendants herein in an amount in excess of local arbitration limits, exclusive of prejudgment and post-judgment interest.

## COUNT V – SURVIVAL ACTION
### (against all Defendants)

72. The preceding paragraphs are incorporated by reference as though fully set forth herein.

73. Plaintiff brings this action on behalf of the Estate of Meghan McAndrew, pursuant to the Pennsylvania Survival Action, 42 Pa. C.S.A. §8302, and claims on behalf of the estate all the

damages recoverable by law including, but not limited to, Ms. McAndrew's pain and suffering and loss of earnings and future earnings capacity.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars in compensatory and punitive damages, plus interest, costs, and attorney's fees.

KEPNER, KEPNER & CORBA, P.C.

_____
Franklin E. Kepner, Jr., Esquire
123 West Front Street
Berwick, PA 18603
(570) 752-2766
I.D. No. 26156
Attorney for Plaintiff

_____
Franklin E. Kepner III, Esquire
123 West Front Street
Berwick, PA 18603
(570) 752-2766
I.D. No. 323158
Attorney for Plaintiff